PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMRAN JABIR, | ) | |
| | ) | CASE NO.  1:19CV2005 |
| Petitioner, | ) | (1:18CR0072-6) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 284, 297, 332, |
| | ) | and 333] |

Pending is *Pro Se* Petitioner Amran Jabir's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence (ECF No. 284).[1]  Also pending are Petitioner's Motions to

Supplement Record (ECF No. 297) and for Permission to File a Supplemental Motion (ECF No.

332).  The Court has been advised, having read the file and reviewed the applicable law.  For the

reasons stated below, the § 2255 motion (ECF No. 284) is denied.

---

[1] Unless otherwise indicated, the docket references will be to the criminal case,
not the related civil case, 1:19CV2005.

(1:19CV2005)

## I. Background

In August 2018, a federal grand jury in the Northern District of Ohio returned a Second Superseding Indictment (ECF No. 91) against Jabir and nine co-defendants.  Jabir was charged with Conspiracy to Distribute and Possess with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (b)(1)(C), and 846 (Count 1), and Unlawful Use of a Communication Facility (Counts 32, 33, and 40), in violation of 21 U.S.C. § 843(b).

Petitioner filed a Request for Pre-Plea Presentence Report ("Pre-Plea PSR") (ECF No. 98), which the Court Granted.  *See* Non-document Order dated September 12, 2018.  In October 2018, the U.S. Pretrial Services & Probation Department filed a Criminal History Category Report regarding Petitioner.  The Pre-Plea PSR found a subtotal criminal history score of 10. Two points were added because Jabir had "committed the instant offense while under a criminal justice sentence," initially resulting in a total criminal history score of 12.  According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of 12 established a criminal history category of V.  Because Petitioner was a career offender, the Pre-Plea PSR concluded that the appropriate criminal history category was VI.  *See* U.S.S.G. § 4B1.1(b).

With this knowledge, on November 6, 2018, Petitioner filed a Notice of Intent to Change Plea (ECF No. 148).  The next day, the Government notified the Court and Petitioner that Jabir had a conviction for "Felony Conspiracy to Possess with Intent to Distribute Marijuana, case number 1:08CR00019, in the United States District Court for the Northern District of Ohio, on or about May 8, 2008."  Information to Establish Prior Conviction (ECF No. 152) at PageID #: 1419.  By this filing, the Government notified the Court and Petitioner of its intent to rely upon

2

(1:19CV2005)

this conviction "for the purpose of invoking the increased sentencing provisions of Title 21,

Section 841(b)(1)(C), United States Code."  ECF No. 152 at PageID #: 1418.

On November 8, 2018, Petitioner executed a written Plea Agreement (ECF No. 158) with

the Government, in which Jabir agreed to plead guilty to Count 1 of the Second Superseding

Indictment and, upon sentencing, the Government agreed to move to dismiss Counts 32, 33, and

40.  *See* ECF No. 158 at PageID #: 1475.  He also acknowledged that he "may be classified as a

career offender based upon his prior criminal record," and if the Court so classified him that "his

adjusted base offense level [would] be 34 pursuant to U.S.S.G. § 4B1.1(b)."  ECF No. 158 at

PageID #: 1477.  Jabir acknowledged:  "[t]he amount of marijuana that is personally attributable

to Defendant is 99 kilograms of marijuana.  Defendant knew the substance he possessed with

intent to distribute and distributed as part of the conspiracy was marijuana."  ECF No. 158 at

PageID #: 1481.  Petitioner also waived his right to bring a direct appeal or collateral attack in his

case, except if the Court's sentence exceeded the statutory or guidelines maximum or in instances

of ineffective assistance or prosecutorial misconduct.  The appeal-waiver provision in the Plea

Agreement provides:

> **WAIVER OF APPEAL AND POST-CONVICTION ATTACK**
> 21.  Defendant acknowledges having been advised by counsel of
> Defendant's rights, in limited circumstances, to appeal the conviction or sentence
> in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to
> challenge the conviction or sentence collaterally through a post-conviction
> proceeding, including a proceeding under 28 U.S.C. § 2255.  Defendant expressly
> and voluntarily waives those rights, except as specifically reserved below.
> Defendant reserves the right to appeal:  (a) any punishment in excess of the
> statutory maximum; or (b) any sentence to the extent it exceeds the maximum of
> the sentencing imprisonment range determined under the advisory Sentencing
> Guidelines in accordance with the sentencing stipulations and computations in
> this agreement, using the Criminal History Category found applicable by the

3

(1:19CV2005)

> Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any
> legal remedies Defendant may otherwise have on appeal or collateral attack with
> respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

ECF No. 158 at PageID #: 1478.[2] The undersigned reviewed the appeal-waiver provision with

Petitioner during the plea colloquy, confirming that he reviewed the provision and understood

that he was waiving his right to challenge his conviction and sentence through a collateral attack.

A final Presentence Investigation Report ("PSR") was filed in February 2019.[3] The final

PSR is consistent with the Pre-Plea PSR. Both reports note that Jabir "has at least two prior

felony convictions for a controlled substance offense," those being "Conspiracy to Possess with

the Intent to Distribute Marijuana, U.S. District Court Northern District of Ohio, docket number

1:08CR00019-001 and Trafficking Offenses, Cuyahoga County Common Pleas Court docket

number[ ] CR-10-543208-B." The PSRs concluded, therefore, that Jabir was a career offender

with an offense level of 34 and criminal history category of VI. This resulted in an advisory

guideline imprisonment range of 188 to 235 months.

---

[2] Petitioner initialed the page. Later, Jabir signed his name below an
acknowledgment that reads:
> I have read (or have had read to me) this entire plea agreement and have
> discussed it with my attorney. I have initialed each page of the agreement
> to signify that I understand and approve the provisions on that page. I am
> entering this agreement voluntarily and of my own free will. No threats
> have been made to me, nor am I under the influence of anything that could
> impair my ability to understand this agreement.

ECF No. 158 at PageID #: 1484.

[3] Based on amendments made at the Sentencing hearing, a final revised PSR was
filed on March 20, 2019.

(1:19CV2005)

The PSRs also added two points to Petitioner's base offense level for possessing a

dangerous weapon.  U.S.S.G. § 2D1.1(b)(1).  Petitioner and his brother, co-Defendant Amer

Jabir, used an apartment on South Prairie Drive in Chicago, Illinois.  In January 2018, a search of

the apartment was conducted and a Springfield Armory .45 caliber firearm with 10 .45 caliber

rounds was found.

On March 19, 2019, the undersigned sentenced Petitioner on Count 1 of the Second

Superseding Indictment to 188 months of imprisonment to be followed by six years of supervised

release and granted the Government's oral motion to dismiss Counts 32, 33, and 40.  *See*

Judgment in a Criminal Case (ECF No. 244), entered on March 21, 2019; Transcript of

Sentencing Proceedings (ECF No. 275).  The Court found the enhancement under U.S.S.G.

§ 2D1.1(b)(1) was applicable, overruled Petitioner's objection, and adopted that paragraph in the

final PSR and its two-level enhancement in Petitioner's offense level for the possession of a

firearm in relation to the drug offense.  *See* ECF No. 275 at PageID #: 2749-55; Addendum to the

final PSR.  The Court also found the career offender enhancement under U.S.S.G. § 4B1.1 was

applicable and adopted the paragraph in the final PSR that the offense level for a career offender

is 34.  *See* ECF No. 275 at PageID #: 2755-59.  Jabir was advised of his right to appeal, *see* ECF

No. 275 at PageID #: 2791, but did not do so.

(1:19CV2005)

On August 27, 2019,[4] Petitioner filed the instant timely Motion Under § 2255 to Vacate,

Set Aside, or Correct Sentence (ECF No. 284).

On May 5, 2020, the Clerk of Court received for filing from Petitioner a Motion to

Supplement Record (ECF No. 297).  On March 16, 2022, the Clerk of Court received for filing

from Petitioner a Proposed Supplemental Argument to Motion to Vacate Under § 2255 (ECF No.

332).

## II.  Discussion

### A.    Section 2255 Legal Standards

As recently stated by the United States Court of Appeals for the Sixth Circuit:

> . . .To obtain relief under § 2255, the movant "must show '(1) an error of
> constitutional magnitude; (2) a sentence imposed outside the statutory limits; or
> (3) an error of fact or law that was so fundamental as to render the entire
> proceeding invalid.' " *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir.
> 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).
> An evidentiary hearing "is required unless the record conclusively shows that the
> petitioner is entitled to no relief." *Campbell v. United States*, 686 F.3d 353, 357
> (6th Cir. 2012) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.
> 1999)); *see* 28 U.S.C. § 2255(b).

*Nix v. United States*, No. 20-6218, 2022 WL 815539, at *1 (6th Cir. March 15, 2022).

The Sixth Circuit has held that "[i]t is well-settled that a knowing and voluntary waiver of

a collateral attack is enforceable."  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018)

---

[4]  Under Sixth Circuit precedent, the petition is deemed filed when handed to
prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th
Cir. 2002).  Petitioner dated his petition on August 27, 2019.  *See Brand v. Motley*, 526
F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is
deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v.
Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (per curiam)).

(1:19CV2005)

(citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).  A subsequent change in the law does not render a waiver unknowing or involuntary, even if the petitioner would not have agreed to the waiver had he known about the later change.  *Vowell v. United States*, 938 F.3d 260, 267 (6th Cir. 2019) (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir.), *cert. denied*, 546 U.S. 862 (2005)).

When a petitioner knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims.  *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001).  A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id.*  An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself.  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary.  *Watson*, 165 F.3d at 486, 489.

**B.      Evidentiary Hearing**

In *Amr v. United States*, 280 Fed.Appx. 480 (6th Cir. 2008), the Court of Appeals for the Sixth Circuit held that a prisoner was not entitled to a hearing on an ineffective assistance of counsel claim when the claim was conclusively refuted by the record.  *Id.* at 485-86.  "[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner.  In some cases, the judge's recollection of the events at issue may

(1:19CV2005)

enable [her] summarily to dismiss a § 2255 motion. . . ."  *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977).  The Court finds that the within motion may be resolved without an evidentiary hearing because the judge's recollection, files and records in this case conclusively show that Petitioner is not entitled to relief under § 2255.  *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

   **C.**  **Grounds Asserted in the § 2255 Motion (ECF No. 284)**

   Petitioner's motion presents five (5) separate grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.  For the reasons set forth below, none of the grounds merit an evidentiary hearing or relief under 28 U.S.C. § 2255.

   Grounds One through Three allege ineffective assistance of counsel.  The Supreme Court has established a two-part test for determining whether an attorney rendered ineffective assistance.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  "First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id*. at 687.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*. at 688.  "To establish prejudice, Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result."  *Ross v. United States*, 339 F.3d

(1:19CV2005)

483, 492 (6th Cir. 2003). "When applying *Strickland*, if we can more easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route." *Id*.

"Petitioners claiming ineffective assistance of counsel under *Strickland* have a heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). The petitioner must demonstrate the constitutional violation because it is "presumed that the lawyer is competent." *United States v. Cronic*, 466 U.S. 648 (1984).

### 1. Ground One

Petitioner claims in Ground One that his counsel was ineffective for failing to file a direct appeal. According to Petitioner, "[t]his court must grant Petitioner's request for .. (sic) an out of time appeal, without an evidentiary hearing." Reply (ECF No. 290) at PageID #: 3000. Courts apply the three-part sequential test expressed in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), "[t]o determine whether counsel's failure to file a notice of appeal was objectively unreasonable." *Short v. United States*, 786 F. Supp.2d 1348, 1350 (W.D. Mich. 2011). First, the court must determine whether the defendant gave counsel express instructions regarding an appeal. *Flores-Ortega*, 528 U.S. at 477. "[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Campbell*, 686 F.3d at 358 (quoting *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). A "[m]ovant must show by a preponderance of the evidence that he expressly requested that Counsel file a notice of appeal, and Counsel failed to do so." *Short*, 786 F. Supp.2d at 1351 (citing *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)). On the other hand, "a defendant who explicitly tells

9

(1:19CV2005)

his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477 (emphasis in original).

Second, if there is no express instruction to file a notice of appeal, a court must ask "whether counsel consulted with the defendant about an appeal." *Id.* (quoting *Johnson v. United States*, 364 Fed.Appx. 972, 976 (6th Cir. 2010)).  Consultation means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 478).

Third, if counsel fails to consult with the movant, a court must ask "whether the failure to consult was objectively unreasonable." *Id.* (quoting *Johnson*, 364 Fed.Appx. at 976).  A court may find objective unreasonableness if either (1) "a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal)," or (2) "this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* (quoting *Flores-Ortega*, 528 U.S. at 480).

Petitioner has filed a Declaration wherein he claims that "[i]mmediately after sentencing [he] requested Counsel Duffrin to file [his] notice [of appeal]." ECF No. 284-2 at PageID #: 2908.  He also claims that:  "After [his] family called the clerk of the court[, he] was informed that Counsel - Duffrin did not file the notice of appeal as [he] requested.  It was [his] intention to file and prosecute [his] . . . (sic) appeal as the court informed me that I did not waive those rights."  ECF No. 284-2 at PageID #: 2908.

The Government, however, has refuted Petitioner's ineffective-assistance claim in Ground One with an affidavit and additional evidence.  Attorney Duffrin has provided the

10

(1:19CV2005)

Government with an Affidavit (ECF No. 286-1), which outlines in detail the discussions he had

with Petitioner related to appeal.  Duffrin states that he spoke with Petitioner about the various

options for appeal both "[d]uring consideration of entering a plea agreement and again in

preparation of sentencing."  Attorney Duffin also states that the two discussed "under what

circumstances that [Duffrin] would file an appeal and under what circumstances that [he] would

not."  ECF No. 286-1 at PageID #: 2927, ¶ 8.  Duffrin declares that he and Petitioner again

discussed these circumstances on the day of sentencing.  ECF No. 286-1 at PageID #: 2927, ¶ 9.

Attorney Duffrin also provides a pointed reply to Petitioner's claim of post-sentencing

instruction:  "Immediately following the sentencing hearing, prior to Amran leaving the

courtroom, it was confirmed that I would not be filing an appeal and that the circumstances

discussed prior to sentencing and in preparation to sentencing did not occur."  ECF No. 286-1 at

PageID #: 2927, ¶ 13.  Finally, Duffrin states "[a]t no time did Amran Jabir instruct or ask me to

file an appeal on his behalf, and he was fully advised and knew appellate rights.  ECF No. 286-1

at PageID #: 2928, ¶ 17.  Duffrin provides additional evidence of his appeal-related

conversations with Petitioner.  *See* CJA Screenshot (ECF No. 286-2).  The CJA screenshot

corroborates the accuracy of Attorney Duffrin's recall of events by documenting that on March

19, 2019 – the morning of sentencing – he had a conference with Petitioner wherein they

"reviewed appellate rights[.]"  ECF No. 286-2.

      "[W]hen a defendant presents an affidavit containing 'a factual narrative of the events

that is neither contradicted by the record nor inherently incredible' and the government offers

nothing more than 'contrary representations' to contradict it, the defendant is entitled to an

(1:19CV2005)

evidentiary hearing." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007)).  In the case at bar, however, Petitioner's Declaration (ECF No. 284-2) contains a factual narrative of the events that is contradicted by more than contrary representations offered by the Government.  The Court finds that an evidentiary hearing is not warranted in the present case.  The facts in the record demonstrate that Petitioner's claim that immediately after sentencing he requested that Attorney Duffrin file a notice of appeal is both contradicted by the record and inherently incredible.

### 2.  Ground Two

In Ground Two, Jabir asserts "[c]ounsel was ineffective for failing to object to petitioner's prior 21 U.S.C. § 846 conspiracy conviction[,] consequently petitioner was sentenced as a 'career offender.' " ECF No. 284-1 at PageID #: 2889.  According to Petitioner, his counsel was ineffective for failing to assert that Jabir's federal drug conspiracy conviction was improperly determined to be a predicate offense that supported imposition of the Guidelines career offender enhancement.  *See United States v. Jabir*, No. 1:08CR0019 (N.D. Ohio May 8, 2008) (defendant convicted of Conspiracy with Intent to Distribute and Distribution of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 846).

A violation of 21 U.S.C. § 846 requires three things.  First, "an agreement to violate drug laws," 21 U.S.C § 841(a)(1) & (b)(1)(D) in Petitioner's 2008 case.  *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009).  Second, "knowledge and intent to join the conspiracy." *Id.*  And third, "participation in the conspiracy." *Id.*; *cf. United States v. Potter*, 927 F.3d 446, 453 (6th Cir. 2019).

(1:19CV2005)

First, Jabir contends his previous federal conviction under § 846 should not have qualified as a career offender predicate because the statute is invalid.  Petitioner believes that all conspiracy convictions must be supported by an overt act.  *See* ECF No. 284-1 at PageID #: 2890-93.  The Government cites the Supreme Court's decision in *United States v. Shabani*, 513 U.S. 10, 15-16 (1994), wherein the court determined that an overt act was not an element of a drug conspiracy under 21 U.S.C. § 846.  The *Shabani* court stated that "the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846." *Id.* at 17.  *See also United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (holding an overt act need be neither charged nor proved with respect to a conspiracy charged under § 846).

The Court holds that Petitioner's previous federal conviction for conspiracy under 21 U.S.C. § 846 does qualify as a controlled substance offense under U.S.S.G. § 4B1.2(b), even though § 846 does not require proof of an overt act.  *See United States v. Sanbria-Bueno*, 549 Fed.Appx. 434, 438-39 (6th Cir. 2013) (collecting cases and reaching the same conclusion under U.S.S.G. § 2L1.2(b)[5]); *see also United States v. Smith*, 989 F.3d 575, 586 (7th Cir.) (holding that defendant's § 846 conspiracy conviction is a valid predicate offense under § 4B1.1, and the district court correctly applied the career offender enhancement to his sentence),

---

[5]  *Compare* U.S.S.G. § 2L1.2, cmt. n. 1(B)(iv) with U.S.S.G. § 4B1.2(b); *see also United States v. Ford*, 509 F.3d 714, 717 n. 2 (5th Cir. 2007) (noting that the definition of "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1) and the definition of "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) for § 4B1.1 enhancement are nearly identical and may be treated as identical for purposes of determining whether an offense meets either definition).

(1:19CV2005)

*cert. denied*, 142 S.Ct. 488 (2021); *United States v. Rodriguez-Rivera*, 989 F.3d 183, 185 (1st

Cir.) (holding that a conviction under § 846 for conspiring to commit a controlled substance

offense qualifies as a conviction for a controlled substance offense under U.S.S.G. § 4B1.2(b)),

*cert. denied*, 142 S.Ct. 235 (2021); *United States v. Tabb*, 949 F.3d 81, 87-89 (2d Cir. 2020)

(same); *United States v. Rivera-Constantino*, 798 F.3d 900, 904 (9th Cir. 2015) (holding "it *is*

readily apparent that the Sentencing Commission intended section 2L1.2(b)(1) to encompass as

predicate offenses federal drug conspiracy convictions that do not require proof of an overt act"

(emphasis in original)); *United States v. Rodriguez-Escareno*, 700 F.3d 751, 753-754 (5th Cir.

2012) (determining that enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) applicable to a prior

conviction for a drug trafficking conspiracy was validly applied).[6]

Second, Petitioner argues his 2008 drug conspiracy conviction should not have qualified

as a career offender predicate because he initially received a sentence of probation.  *See* ECF No.

284-1 at PageID #: 2890.  Jabir's argument ignores the fact that he violated that initial sentence

of probation, had that probation revoked, and served greater than 13 months for his violation.

*See United States v. Jabir*, No. 1:08CR0019 (N.D. Ohio July 1, 2008).  Accordingly, the

---

[6]  There is a circuit split on this issue.  Petitioner relies on cases from other
circuits in support of his position that "the offense of conspiring" means a conspiracy
offense that requires an agreement and an overt act.  *See* discussion of *United States v.
McCollum*, 885 F.3d 300, 303 (4th Cir. 2018), *United States v. Whitley*, 737 Fed.Appx.
147, 148-49 (4th Cir. 2018), and *United States v. Martinez-Cruz*, 836 F.3d 1305, 1307
(10th Cir. 2016) in Jabir's Supplemental Argument (ECF No. 332) at PageID #: 3299;
3302-3303; 3308-3309.  Unlike *Sanbria-Bueno*, these cases from the Fourth and Tenth
Circuits are not binding on this Court.

(1:19CV2005)

conviction was properly scored and counted as a career offender predicate.  *See* U.S.S.G. §
4A1.2(k)(1).

Here, Petitioner's arguments in support of Ground Two fail the *Strickland* test because he

cannot show deficiency nor actual prejudice.  Neither a lack of an overt act or that

Jabir was initially sentenced to probation, mean that his federal drug conspiracy conviction was

improperly counted as a career offender predicate.  Therefore, Attorney Duffrin did not fail to act

according to professional standards by not making these arguments.

### 3.  Ground Three

Petitioner contends in Ground Three that his counsel was ineffective for failing to assert

that his Ohio drug trafficking conviction could not serve as a career offender predicate.  *See State

v. Jabir*, No. CR-10-543208-B (Cuyahoga Cnty. Ct. Common Pleas Feb. 2, 2011) (defendant

convicted of Trafficking Offenses in violation of Ohio Rev. Code § 2925.03(A)(2) with

Forfeiture Specification(s) pursuant to Ohio Rev. Code § 2941.1417).  Jabir argues his previous

Ohio drug trafficking conviction under § 2925.03(A)(2) should not have qualified as a career

offender predicate because "mens rea is not implied" and is, therefore, a " 'strict liability'

offense."  *See* ECF No. 284-1 at PageID #: 2894.

Sixth Circuit precedent defeats Petitioner's argument.  "Because § 2925.03(A)(2)

includes an element of 'manufacture, import, export, distribution, or dispensing,' or intent to do

those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."

*United States v. Robinson*, 333 Fed.Appx. 33, 36 (6th Cir. 2009); *see also United States v.

Karam*, 496 F.3d 1157, 1168 (10th Cir. 2007) (holding that a defendant cannot violate

15

(1:19CV2005)

§ 2925.03(A)(2) "without engaging in conduct which meets the definition of a controlled

substance offense under USSG § 4B1.2(b)"); *United States v. Nesbitt*, No. 4:15CR0018,

4:16CV2604, 2017 U.S. Dist. LEXIS 165394, at *4 (N.D. Ohio Oct. 5, 2017) (a conviction under

§ 2925.03(A)(2) is a predicate offense); *Bullard v. United States*, Nos. 1:14CR0411,

1:17CV0061, 2017 WL 2291419, at *5 (N.D. Ohio May 25, 2017) (holding that "[u]nder the

categorical approach, [Petitioner's] Ohio Rev. Code § 2925.03(A)(2) conviction is a qualifying

offense under U.S.S.G. § 4B1.2(b) (citing *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir.

2006)).

Under Sixth Circuit precedent, Jabir had two qualifying convictions to properly be

considered a career offender.  Attorney Duffrin did not perform deficiently by failing to raise the

arguments Petitioner advances in Grounds Two and Three of his § 2255 motion.  In addition,

there was no prejudice because the arguments are so legally deficient that the Court would almost

certainly have rejected them.

### 4.  Ground Four

In his fourth ground for relief, Petitioner claims that the Court's two-level enhancement

in his offense level under U.S.S.G. § 2D1.1(b)(1) made his sentence procedurally unreasonable.

Jabir argues the Court failed to give him adequate notice of its decision to depart upwards.  *See*

ECF No. 284-1 at PageID #: 2896.

Ground Four is foreclosed by a knowing and voluntary waiver of Jabir's right to bring a

collateral attack.  In his binding Plea Agreement (ECF No. 158), Petitioner waived the right to

attack his conviction and sentence in a post-conviction proceeding, including, as here, a

16

(1:19CV2005)

proceeding under 28 U.S.C. § 2255.  *See* ECF No. 158 at PageID #: 1478.  Accordingly, Ground

Four is dismissed as waived.

Assuming *arguendo* that Petitioner's claim is not barred for the reason cited above, it

does not merit relief because there was no departure in this case.   An "adjustment" upwards is

not a "departure".  Rather, the Court determined that the specific offense characteristic found at

U.S.S.G. § 2D1.1(b)(1) was applicable.  *See* ECF No. 275 at PageID #: 2755

Additionally, although Fed. R. Crim. P. 32(h) does not apply to sentencing enhancements,

Jabir was, nonetheless, put on notice of the possibility that this adjustment would apply at his

sentencing because it was forecast in the final PSR.  Attorney Duffrin filed an objection

regarding the two-level enhancement that was appropriately overruled.  The Court is legally

required to consult and correctly apply the advisory guidelines.  It did so in this case.

### 5.  Ground Five

Finally, Petitioner argues in Ground Five that 21 U.S.C. § 841 is unconstitutional after

*Rehaif v. United States*, 139 S. Ct. 2191 (2019).  According to Jabir, after the June 2019 decision

of the Supreme Court in *Rehaif*, § 841(b) must be read to include a knowledge element specific

to that statutory subsection.  *See* ECF No. 284-1 at PageID #: 2899.  In *Rehaif*, the Court held

that defendants do not violate 18 U.S.C. § 922(g)(1) unless they *know* that they have been

convicted of a crime punishable by more than one year in prison when they possess firearms.  *Id.*

*at 2196*.

Jabir's fifth ground for relief is also barred by his collateral-attack waiver.  *See* ECF No.

158 at PageID #: 1478.  Accordingly, Ground Five is dismissed as waived.

17

(1:19CV2005)

Assuming *arguendo* that Petitioner's claim is not barred because he waived the right to raise it, Ground 5 fails on the merits because Jabir knew the weight and type of controlled substance with which he was charged.  Petitioner acknowledged in the Plea Agreement:  "[t]he amount of marijuana that is personally attributable to Defendant is 99 kilograms of marijuana. Defendant knew the substance he possessed with intent to distribute and distributed as part of the conspiracy was marijuana."  ECF No. 158 at PageID #: 1481.[7]

> **D.**   **Motions to Supplement Record (ECF No. 297) and for Permission to File a Supplemental Motion (ECF No. 332)**

In ECF Nos. 297 and 332, Petitioner seeks to supplement his § 2255 motion (ECF No. 284).  Jabir attached the Proposed Supplemental Argument to ECF No. 332.  The mandate of Fed. R. Civ. P. 15, that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion.  *See* 28 U.S.C. § 2242 (explaining that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Anderson v. United States*, 39 Fed.Appx. 132, 136 (6th Cir. 2002).

A § 2255 motion is subject to a one-year statute of limitations.  28 U.S.C. § 2255(f). Once the one-year statute of limitations has expired, however, allowing amendment or supplementation of a § 2255 motion with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  *Oleson v. United States*, 27 Fed.Appx. 566, 570-71 (6th Cir. 2001).  "[A]

---

[7] Petitioner initialed the page.

(1:19CV2005)

party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."  *United States v. Clark*, 637 Fed.Appx. 206, 209 (6th Cir. 2016) (alterations in original) (quoting *United States v. Thomas*, 221 F.3d 430, 436 (3rd Cir. 2000)).

Because Petitioner did not file a direct appeal, his conviction became final on April 4, 2019, fourteen days after the Court entered judgment.  *See* Fed. R. App. P. 4(b)(1)(A)(i); *Sanchez-Castellano v. United States*, 358 F.3d 424, 425-26 (6th Cir. 2004).   Thus, Petitioner had one year – until April 6, 2020 – to file a motion under § 2255, or to amend it freely.  Petitioner's Motions to Supplement Record (ECF No. 297) and for Permission to File a Supplemental Motion (ECF No. 332) were filed after April 6, 2020.  To the extent Petitioner seeks to supplement claims that he already raised in his § 2255 motion (ECF No. 284), the Court exercises its discretion to permit him to do so and has considered his supplemental argument set forth at ECF No. 332.  New claims, however, are barred by AEDPA's one-year limitations provision.

### III.  Conclusion

Accordingly, the Court finds that Petitioner fails to demonstrate any ground on which he is entitled to relief under § 2255.  Petitioner Amran Jabir's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 284) is denied.

Petitioner's Motions to Supplement Record (ECF No. 297) and for Permission to File a Supplemental Motion (ECF No. 332) are granted in part and denied in part.  To the extent Petitioner seeks to supplement claims that he already raised in his § 2255 motion (ECF No. 284),

(1:19CV2005)

the Court exercises its discretion to permit him to do so.  New claims, however, are barred by

AEDPA's one-year limitations provision.

Petitioner's Motion for Status Update Concerning His Motion for Permission to File a

Supplemental Motion and § 2255 Motion (ECF No. 333) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


  September 21, 2022                        /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge

20